UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BISHOP WAYNE R. FELTON and
THE HOLY CHRISTIAN CHURCH
INTERNATIONAL,

    Plaintiffs,

v.                                              Case No. 8:25-mc-00011-TPB-AEP

DE'MARIO J. JIVES and
DEMAJIO MEDIA LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Writ of Garnishment (Doc. 2), Proposed Writ of Execution (Doc. 3), and Amended Motion for Writ of Garnishment (Doc. 4). Two judgments totaling $77,845.00 were entered in Plaintiff's favor in the action between the parties on December 11, 2024 and January 23, 2025 (Doc. 1). The first judgment was for $50,000 following an order on a motion for sanctions (Doc. 1-1, at 1). The second order awarded Plaintiffs $27,845.00 in attorneys' fees (Doc. 1-2, at 5). These awards were entered by the United States District Court for the District of Minnesota and were subsequently registered in the District Court for the Middle District of Florida on March 13, 2025 (Doc. 1). *See* 28 U.S.C. § 1963. According to Plaintiffs, the judgment, plus post-judgment interest, remains unsatisfied. Plaintiffs request the Court issue a writ of

garnishment directed to several garnishees in order to recover on the outstanding judgment against Defendants De'Mario Jives and DeMajio Media LLC.

Pursuant to Rule 69, Federal Rules of Civil Procedure, courts must follow state law regarding the execution of a judgment. Fed. R. Civ. P. 69(a)(1). In Florida, recovery of a money judgment via a writ of garnishment is permissible. *See* Fla. Stat. § 77.01 *et. seq.* Courts, therefore, may enforce the judgment through a writ of garnishment pursuant to Florida law. However, a writ of garnishment will only be enforceable within the bounds of the federal district in which it was issued. *See JPI Partners, LLC v. Dixon*, No. 6:07-MC-77-ORL-22DAB, 2008 WL 2185744, at *2 (M.D. Fla. May 23, 2008) (considering a writ of execution); *Lapinski v. St. Croix Condo. Ass'n., Inc.*, No. 6:16-cv-1418-Orl-40GJK, 2019 WL 1491568, at *1 (M.D. Fla. Jan. 24, 2019) (denying motion for writ of garnishment because the garnishee was located in the Southern District of Florida and thus, the court lacked jurisdiction to issue the writ). In issuing a writ of garnishment, the court must not only have personal jurisdiction over the garnishee, but it must also have jurisdiction over the property to be garnished. *Lapinski*, 2019 WL 1491568 at *1 (citing *Skulas v. Loiselle*, No. 09-60096-CIV, 2010 WL 1790439, at *2–3 (S.D. Fla. April 9, 2010)).

Here, Plaintiffs' motions suffer from several deficiencies. First, Plaintiff Holy Christian Church International purports to appear *pro se*. A church is an artificial entity that cannot appear *pro se* and must be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Kell v. Smith*, 743 F. App'x 292, 295 (11th Cir. 2018) (affirming a district court order requiring two churches to

obtain counsel). Thus, Plaintiff the Holy Christian Church International must appear through an attorney in this matter. Next, Plaintiffs submit a Proposed Writ of Execution (Doc. 3) with no motion or memorandum of law attached, and it is due to be denied for that reason. Additionally, Plaintiffs' Proposed Writ of Garnishment (Doc. 4-1) lists a "Pamela A. Datillo, Esq." as Plaintiffs' attorney although none of the pleadings are signed by Attorney Datillo, and Attorney Datillo does not appear to be a member of the Florida Bar nor admitted to practice law in the United States District Court for the Middle District of Florida. Finally, Plaintiffs move this Court to issue a writ of garnishment directed to several garnishees that appear to be outside the Court's jurisdiction. In Plaintiffs' proposed writ, Plaintiffs list US Bank, N.A., Wells Fargo, N.A., Lincoln Savings Bank, PayPal, Inc., and Cash App Investing as having registered agents located in other states. Plaintiffs have not demonstrated that this Court has jurisdiction to issue a writ of garnishment to garnishees located outside this Court's jurisdictional boundaries.

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Amended Motion for Writ of Garnishment (Doc. 4) is DENIED.

2. Plaintiffs' Proposed Writ of Execution (Doc. 3) is DENIED.

3. Plaintiffs' Motion for Writ of Garnishment (Doc. 2) is DENIED AS MOOT in light of Plaintiffs filing the Amended Motion.

DONE AND ORDERED in Tampa, Florida, on this 19th day of August 2025.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record