UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BISHOP WAYNE R. FELTON and
THE HOLY CHRISTIAN CHURCH
INTERNATIONAL,

      Plaintiffs,

v.

                                          Case No. 8:25-mc-00011-TPB-AEP

DE'MARIO J. JIVES and
DEMAJIO MEDIA LLC,

      Defendants.
_____/

**ORDER**

This matter comes before the Court on Judgment Creditor Wayne R. Felton's Motion for Proceedings Supplementary and Order to Appear for Creditor's Examination (Doc. 7). Felton, proceeding *pro se*, requests the Court enter an order initiating proceedings supplementary to execution of an underlying judgment and require the judgment creditors, De'Mario Jives and DeMajio Media LLC, to appear before the Court for an examination under oath regarding property, income, and assets available to satisfy the judgment. For the following reasons, the Motion is granted in part and denied in part.

**I.    Background**

The United States District Court for the District of Minnesota entered two judgments totaling $77,845.00 in Plaintiffs' favor in an action between the parties on December 11, 2024, and January 23, 2025 (Doc. 7, ¶ 1). The first judgment was

for $50,000 following an order on a motion for sanctions (Doc. 7, ¶ 1). The second order awarded Plaintiffs $27,845.00 in attorneys' fees (Doc. 7, ¶ 1). Plaintiffs subsequently registered these judgments in the District Court for the Middle District of Florida on March 13, 2025 (Doc. 7, ¶ 2). *See* 28 U.S.C. § 1963. According to Plaintiffs, the judgments, plus post-judgment interest, remain unsatisfied (Doc. 7, ¶ 3).

## II.   Legal Standard

Under Federal Rule of Civil Procedure 69, the procedures for "proceedings supplementary to and in aid of judgment or execution [] must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Further, a judgment creditor may obtain discovery in aid of the judgment or execution according to the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(2).

Florida law creates procedures for proceedings supplementary and discovery in aid of a judgment. Section 56.29, Florida Statutes, "governs proceedings supplementary, which allow for a judgment creditor 'to ferret out what assets the judgment debtor may have or what property of his others may be holding for him, or may have received from him to defeat the collection of the lien or claim, that might be subject to the execution.'" *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1118 (Fla. 4th DCA 2018) (quoting *Young v. McKenzie*, 46 So. 2d 184, 185 (Fla. 1950)). The statute governing proceedings supplementary is "equitable in nature and should be liberally construed." *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla.

2

3d DCA 2008). Florida Rule of Civil Procedure 1.560(a) allows a judgment creditor to obtain discovery from a judgment debtor. At the request of a judgment creditor, a court shall order a judgment debtor to complete the Fact Information Sheet (Form 1.977). Fla. R. Civ. P. 1.560(b). "Failure to obey the order may be considered contempt of court." *Id.*

### III. Discussion

Felton requests the Court provide the following relief: 1) commence proceedings supplementary; 2) direct the judgment debtors to appear before the Court for examination regarding their assets, income, property, accounts, and financial affairs; 3) require the judgment debtors produce certain financial documents at the examination; and 4) require the judgment debtors to complete the Fact Information Sheet (Form 1.977) within forty-five (45) days of the Court's order.

To initiate proceedings supplementary, section 56.29(1), Florida Statutes, "requires that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding." *Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson–Platts*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012). When a judgment creditor holds an unsatisfied judgment and files a motion and affidavit in compliance with section 56.29(1), "the judgment creditor is entitled to these proceedings supplementary to execution." Fla. Stat. § 56.29(1). "Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion." *Biloxi Casino Corp. v. Wolf*, 900 So. 2d 734, 734 (Fla. 4th DCA 2005).

3

Here, Felton's motion and declaration (Doc. 8) satisfy the requirements of section 56.29(1) because they state that he has an unsatisfied judgment that is valid and outstanding. Thus, he is entitled to supplementary proceedings. However, the relief he requests as part of those supplementary proceedings, a compelled examination of the judgment debtors, does not comport with section 56.29(2).

> Section 56.29(2) provides:
>
> The judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment. Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear. The Notice to Appear shall direct such person to file an affidavit, as provided in s. 56.16, with the court by a date certain, which date shall not be less than 7 business days from the date of service of the Notice to Appear, stating why the property, debt, or other obligation should not be applied to satisfy the judgment. For good cause shown, the court may shorten the time for serving an affidavit. The Notice to Appear must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment, must provide such person with the opportunity to present defenses, and must indicate that discovery as provided under the rules of civil procedure is available and that there is a right to a jury trial as provided in s. 56.18. The Notice to Appear must be served as provided for in chapter 48. A responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit.

Fla. Stat. § 56.29(2).

Here, Felton's motion does not satisfy the requirements of section 56.29 because it does not describe property of the judgment debtor that may be applied

4

toward satisfaction of the judgment, such that the Court can issue a Notice to Appear. Rather, it appears from Felton's motion that he is still in the process of identifying the judgment debtors' assets available to satisfy the judgment. To that end, the Court will require the judgment debtors to complete the Fact Information Sheet (Form 1.977), and Felton may, if necessary, file a supplemental motion for further relief under section 56.29 once he has identified property that may be used to satisfy the judgment.

Accordingly, it is hereby

ORDERED:

1. Felton's Motion for Proceedings Supplementary and Order to Appear for Creditor's Examination (Doc. 7) is GRANTED IN PART and DENIED IN PART.

2. Felton's request for proceedings supplementary pursuant to Federal Rule of Civil Procedure 69(a) and Section 56.29, Florida Statutes, is GRANTED.

3. Felton's requests for the judgment debtors to appear for an examination and produce documents are DENIED.

4. Felton's request for the judgment debtors to complete the Fact Information Sheet (Form 1.977) is GRANTED. Within forty-five (45) days of the date of this Order, judgment debtors De'Mario Jives and DeMajio Media LLC must complete and serve upon Felton a copy of Florida Rules of Civil Procedure Form 1.977.

DONE AND ORDERED in Tampa, Florida, on this 26th day of September 2025.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record