UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Bishop Wayne R. Felton and**
**The Holy Christian Church International,**
Plaintiffs,
v.

**De'Mario J. Jives and DeMajio Media LLC,**
Defendants.

Case No. 8:25-mc-00011-TPB-AEP

# DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY AND ORDER TO APPEAR

## INTRODUCTION

Defendant **DeMario Jives**, appearing pro se, respectfully submits this Response in Opposition to Plaintiff's Motion for Proceedings Supplementary and Order to Appear.

This Court should dismiss or stay these proceedings because: (1) Plaintiff is improperly attempting to relitigate issues already adjudicated in the District of Minnesota; (2) Plaintiff has failed to identify any non-exempt assets available for execution, as required by Florida law; (3) the proceedings amount to harassment and abuse of process; and (4) Defendant has already complied with prior court orders by removing content, while Plaintiff continues to use litigation as a tool to silence protected speech.

## BACKGROUND

1. On December 11, 2024, and January 23, 2025, the U.S. District Court for the District of Minnesota entered judgments against Defendant totaling $77,845.00.
2. On March 13, 2025, Plaintiff registered those judgments in the Middle District of Florida pursuant to 28 U.S.C. § 1963.
3. Plaintiff now seeks to compel supplementary proceedings in Florida, despite the fact that the Minnesota court has already denied or limited many of Plaintiff's enforcement requests.
4. Defendant has consistently represented, under oath, that he owns no attachable assets other than a non-functioning **2013 BMW X6 SUV with a failed engine**, no real property, no business bank accounts, and no liquid assets.
5. Plaintiff has presented no evidence to contradict these facts or to identify any property subject to execution under Fla. Stat. § 56.29.

## LEGAL STANDARD

Proceedings supplementary in Florida are governed by **Fla. Stat. § 56.29** and **Fed. R. Civ. P. 69(a)**.

- A judgment creditor must first show that the judgment is valid and unsatisfied, and must also **describe specific property of the debtor** that may be applied to satisfy the judgment. Fla. Stat. § 56.29(1)–(2).
- Without this showing, the Court may not compel examinations or order asset disclosures. *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1118 (Fla. 4th DCA 2018).
- The process cannot be used for harassment or as a fishing expedition. *Biloxi Casino Corp. v. Wolf*, 900 So. 2d 734, 734 (Fla. 4th DCA 2005).

## ARGUMENT

### I. Plaintiff Is Attempting to Relitigate Issues Already Decided in Minnesota

The Minnesota court has already reviewed Plaintiff's motions concerning alleged violations of the settlement agreement. Judge Schultz expressly found that certain content had already been deleted and that not all of Plaintiff's claims were valid.

By seeking duplicative relief in Florida, Plaintiff is engaging in **forum shopping** and harassment. Federal courts consistently hold that judgment creditors may not use collateral enforcement proceedings to relitigate substantive disputes already resolved in the rendering court. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 828 (11th Cir. 2010).

### II. Plaintiff Has Not Identified Any Assets Subject to Execution

Section 56.29(2), Florida Statutes, requires a creditor to identify specific, non-exempt property of the debtor before the court may issue a Notice to Appear or compel further action. Plaintiff has failed to do so.

Defendant has no assets beyond a **non-operational vehicle**, which has negligible value and is exempt from execution under Fla. Stat. § 222.25. Defendant has no real property, business accounts, or attachable assets.

Because Plaintiff has not met the statutory prerequisites, this Court lacks authority to proceed. *Fundamental Long Term Care Holdings, LLC v. Estate of Jackson*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012).

### III. Plaintiff Is Using These Proceedings to Harass Defendant and Suppress Evidence

This case originated in Minnesota based on letters from parishioners alleging misconduct by Plaintiff, and on criminal charges against Plaintiff's son, Daniel James Felton, who was later convicted of **third-degree criminal sexual conduct**.

Rather than confront these facts, Plaintiff seeks to **silence discussion** by pursuing excessive sanctions and repeatedly filing motions in multiple jurisdictions. Courts have recognized that

repeated, meritless enforcement motions can constitute abuse of process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

### IV. Defendant Has Substantially Complied With Prior Court Orders

In Minnesota, Defendant has already removed or deleted numerous videos and posts identified by Plaintiff. Defendant has respected the order not to disparage Plaintiff by name and has complied in good faith.

Plaintiff's continued filings, seeking duplicative or expanded enforcement, lack merit and waste judicial resources.

### PRAYER FOR RELIEF

For the foregoing reasons, Defendant respectfully requests that this Court:

1. **Deny Plaintiff's Motion for Proceedings Supplementary** in its entirety;
2. Alternatively, **stay enforcement** in Florida pending resolution of Defendant's Motion to Vacate Judgment and Appeal in the District of Minnesota;
3. Find that Plaintiff has failed to identify any non-exempt assets subject to execution;
4. Bar Plaintiff from filing duplicative enforcement motions in this District absent prior leave of Court; and
5. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: 10/3/2025

De'Mario J. Jives
Defendant, Pro Se
7410 Becky Thatcher Lane
Tampa, FL 33637