UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Wayne R. Felton and
The Holy Christian Church International,**
Plaintiffs,



v.

**DeMario Jives and DeMajio Media LLC,**
Defendants.

Case No. 8:25-mc-00011-TPB-AEP

# DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S MOTION FOR PROCEEDINGS SUPPLEMENTARY

## INTRODUCTION

Defendant **DeMario Jives**, appearing pro se, respectfully moves this Court to **dismiss** Plaintiff Wayne R. Felton's Motion for Proceedings Supplementary and related requests. Plaintiff's filing is duplicative, improper, and constitutes harassment through abuse of process.

## ARGUMENT

### I. Plaintiff Is Attempting to Relitigate Issues Already Adjudicated in Minnesota

The U.S. District Court for the District of Minnesota previously considered and ruled upon Plaintiff's motions for enforcement of the settlement agreement. The Minnesota court expressly found that several of Plaintiff's claims lacked merit and limited the scope of enforcement.

Rather than accept that ruling, Plaintiff has registered the Minnesota judgment in Florida and is attempting to re-litigate the same enforcement issues here. Federal law prohibits such forum shopping. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 828 (11th Cir. 2010).

### II. Plaintiff Has Failed to Meet Florida's Statutory Prerequisites

Under **Fla. Stat. § 56.29**, a judgment creditor must:

1. Hold a valid, unsatisfied judgment; and
2. Identify specific, non-exempt property of the debtor subject to execution.

Plaintiff has not identified any non-exempt property belonging to Defendant. Defendant has no real estate, no business accounts, and no assets beyond a non-functioning **2013 BMW X6 SUV**.

As such, Plaintiff's motion fails as a matter of law. *See Fundamental Long Term Care Holdings, LLC v. Estate of Jackson*, 110 So. 3d 6, 8 (Fla. 2d DCA 2012).

### III. Plaintiff's Actions Constitute Harassment and Abuse of Process

This case originated from allegations and letters involving Plaintiff's misconduct and the criminal conviction of his son for **third-degree criminal sexual conduct**. Plaintiff's enforcement strategy is not about legitimate debt collection but rather an attempt to bury public evidence and silence Defendant's commentary.

Repeated filings in multiple jurisdictions with no showing of attachable assets constitute **abuse of judicial process**. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

### IV. Equity and Justice Require Dismissal

Proceedings supplementary are equitable in nature and must be liberally construed in favor of fairness. *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008). Enforcing Plaintiff's duplicative request here, after he already pursued similar motions in Minnesota, would be inequitable and unjust.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

1. **Dismiss Plaintiff's Motion for Proceedings Supplementary** in its entirety;
2. Find that Plaintiff has failed to satisfy Fla. Stat. § 56.29 by failing to identify non-exempt assets;
3. Bar Plaintiff from filing duplicative enforcement motions in this Court absent prior leave; and
4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: 10/3/2025

DeMario Jives, Defendant, Pro Se
7410 Becky Thatcher Lane
Tampa, FL 33637