UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BISHOP WAYNE R. FELTON, AND
THE HOLY CHRISTIAN CHURCH
INTERNATIONAL,

   PLAINTIFFS,

V.

DE'MARIO JIVES, INDIVIDUALLY, AND
DEMAJIO MEDIA LLC,

   DEFENDANTS.
_____/

CASE NO. 8:25-MC-00011-TPB-AEP

**EMERGENCY MOTION TO STRIKE AND/OR SEAL DEFENDANT'S FILINGS**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff, Bishop Wayne R. Felton, pursuant to Federal Rules of Civil Procedure 12(f) and 5.2(d) and Local Rule 1.11 of the Middle District of Florida, respectfully moves this Honorable Court for an order striking and/or sealing certain documents recently filed by Defendant, De'Mario Jives, which improperly include sealed materials, extrajudicial statements, and irrelevant, defamatory commentary concerning this case and the undersigned Plaintiff.

This motion arises from Defendant's continued misuse of the federal docket to republish and circulate materials that were previously sealed by order of the United States District Court for the District of Minnesota. Those materials contain statements and documents that the Minnesota Court determined to be defamatory, irrelevant to any

1

legitimate judicial purpose, and expressly prohibited from public dissemination under the terms of the parties' Settlement Agreement.

## II. PRIOR SEALING ORDER IN RELATED PROCEEDINGS

On September 12, 2025, the United States District Court for the District of Minnesota granted Plaintiff's *Motion to Strike or Seal Defendant's Exhibits* and entered a Sealed Order in *Felton v. Jives*, No. 0:23-cv-00467-DTS (D. Minn.). Plaintiff references this prior ruling only to demonstrate that the Minnesota Court has already adjudicated and sealed the same type of material now at issue in this proceeding. No portion of the sealed contents is disclosed herein, and Plaintiff respectfully requests that this Court afford equivalent protection consistent with that prior sealing determination.

This Florida action arises solely under **28 U.S.C. § 1963** for the registration and enforcement of a final judgment issued in the Minnesota action. The underlying merits of the case have been fully adjudicated and are not before this Court. Defendant's attempt to reintroduce sealed and defamatory material through new filings serves no legitimate purpose in this limited post-judgment enforcement context and only amplifies the need for sealing and judicial protection.

Plaintiff will file a copy of the Minnesota Court's Sealed Order as a restricted exhibit pursuant to Local Rule 1.11 and, if the Court so permits, may alternatively submit the sealed document directly to chambers for in camera review. Plaintiff further requests that the Order remain sealed to preserve the integrity of the Minnesota Court's prior sealing determination.

## III. GROUNDS FOR RELIEF

### 1. *Defendant's Recent Filings Re-Publish Sealed and Defamatory Material*

Defendant's *Motion to Dismiss* and *Response to Plaintiff's Motion* attach and discuss exhibits that directly reference the sealed Minnesota proceedings. By doing so, Defendant has again placed on the public docket material that the Minnesota Court specifically ordered removed from public access. This constitutes a deliberate effort to circumvent a prior federal court's ruling and to weaponize the judicial filing system for reputational harm.

### 2. *Violation of Settlement Agreement and Court Orders*

The Settlement Agreement, approved and enforced by the Minnesota Court (Dkt. 84 and 88), prohibits any further public statements, postings, or republication of the underlying allegations or case details. Defendant's filings openly contravene those obligations. The agreement—still under seal—was the product of judicial mediation and expressly required the Defendant to cease all public commentary concerning the case, the parties, and the terms of resolution. The Minnesota Court's subsequent orders confirmed that these obligations were continuing and enforceable.

By reintroducing, through the Florida docket, material that was sealed in Minnesota, Defendant not only violates those prior orders but also undermines the judicial authority of both courts. Each instance of republication constitutes a renewed breach of the Settlement Agreement's non-disparagement and confidentiality clauses, frustrating the essential purpose of the settlement itself—finality and reputational protection.

Federal courts have long recognized that courts retain inherent authority to enforce settlements incorporated into judicial orders. *Kokkonen v. Guardian Life Ins. Co. of Am.*,

3

511 U.S. 375, 381 (1994); *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). Violations of such orders may be remedied through contempt proceedings or further enforcement orders.

3. *Prejudice to Plaintiff and Irreparable Harm*

Public access to these documents on PACER enables renewed online dissemination and defamation, precisely the harm the sealing order was designed to prevent. Each day these documents remain available to the public inflicts continuing reputational injury and erodes the purpose of the settlement's confidentiality provisions.

4. *Good Cause Exists Under Rule 5.2 and Local Rule 1.11*

Federal Rule 5.2(d) and Local Rule 1.11 authorize sealing or restriction of records when good cause exists to protect privacy interests, confidential settlements, or other sensitive matters. Here, good cause is overwhelmingly present: enforcing another federal court's sealing order, preventing ongoing reputational injury, and preserving judicial comity between the Minnesota and Florida courts.

## IV. LEGAL STANDARD

A. Authority to Strike or Seal Under Federal Law

Federal Rule of Civil Procedure 12(f) empowers the Court, on motion or on its own, to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Courts routinely apply Rule 12(f) to remove filings that improperly inject defamatory or irrelevant allegations into the record, particularly where such materials serve no legitimate judicial purpose and risk prejudice to a party. *See Pigford v. Veneman*, 215

4

F.R.D. 2, 4 (D.D.C. 2003); *McKinney v. Bayer Corp.*, 202 F.R.D. 425, 428 (N.D. Ill. 2001).

Additionally, Federal Rule of Civil Procedure 5.2(d) authorizes the Court to "order that a filing be made under seal without redaction" and to "require later filing of a redacted version for the public record." This rule reflects the judiciary's responsibility to balance public access against the need to protect confidentiality, privacy, and the integrity of court-ordered restrictions.

B. Local Rule 1.11 (M.D. Fla.) Sealing and Restriction of Filings

Local Rule 1.11(b) of the Middle District of Florida provides that a party may move to seal a filing "only if the motion describes the item proposed for sealing, states the reasons that filing the item is necessary, and explains why sealing is warranted." The rule expressly authorizes restriction of filings where "good cause" exists, including protection of confidential settlements, trade secrets, or sensitive information whose public disclosure would cause harm.

C. Enforcement and Comity Between Federal Courts

Federal courts recognize their inherent power to enforce settlement agreements and prior judicial orders. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). Where a federal court has already sealed certain materials to protect reputational or procedural integrity, comity and consistency require that parallel proceedings honor that determination. *See United States v. Salerno*, 481 U.S. 739, 749 (1987); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

D. Good Cause Standard

5

To determine whether sealing or striking is appropriate, courts weigh (1) the public's right of access against (2) the party's legitimate interest in privacy and the protection of judicial integrity. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause exists where disclosure would "serve to gratify private spite or promote public scandal" rather than aid the resolution of legal issues. *Nixon*, 435 U.S. at 598.

In this case, the Defendant's filings not only reintroduce materials that another federal court has sealed but also attempt to relitigate matters already resolved. The public's interest is therefore minimal, while the potential for reputational harm and violation of judicial orders is substantial, and meets the threshold for immediate sealing or striking under both the Federal Rules and this Court's **Local Rule 1.11**.

## V. ARGUMENT

**1. Defendant's Filings Violate Prior Judicial Confidentiality and Sealing Orders**

The Minnesota Court's sealed order expressly restricted dissemination of the same categories of materials that Defendant has now re-filed in this District. By attaching and referencing those documents in his Motion to Dismiss and Response to Plaintiff's Motion, Defendant has effectively undone the protection that the prior court imposed. This conduct contravenes both the Settlement Agreement, which prohibits republication or commentary regarding the underlying dispute, and the judicial orders enforcing it (*see* Dkts. 84 and 88, *Felton v. Jives*, No. 0:23-cv-00467-DTS). Under *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), a federal court retains inherent authority to enforce its own settlement orders. Defendant's actions constitute a direct interference with that authority and a collateral attack on the Minnesota court's ruling.

6

**2. Defendant's Filings Contain Impertinent, Scandalous, and Irrelevant Matter**

Federal Rule 12(f) authorizes courts to strike "impertinent or scandalous matter" from pleadings. Courts apply this rule to prevent filings that "gratify private spite or promote public scandal." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Defendant's submissions are not directed to any question of law properly before this Court, which is limited to enforcing a registered judgment under 28 U.S.C. § 1963, but instead rehash settled accusations, reference social-media content, and include derogatory remarks about the Plaintiff. Such matter serves no legitimate judicial purpose and prejudices the Plaintiff by inviting renewed online circulation of defamation previously sealed.

**3. Defendant's Conduct Constitutes a Continuing Violation of the Settlement Agreement and Court Orders**

The Settlement Agreement, approved by the Minnesota Court and incorporated into its orders, bars any further public statements or publications regarding the dispute or the parties. By republishing and describing sealed material, Defendant again violates those binding obligations.

Each re-filing magnifies the harm the settlement was designed to end, exacts irreparable reputational injury and public ridicule, and demonstrates continued contempt for both courts' authority. Consistent with *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994), the Court may remedy this violation through sanctions or enforcement orders ensuring compliance.

**4. Good Cause Exists to Strike or Seal Under Federal and Local Rules**

7

Under Rule 5.2(d) and Local Rule 1.11, good cause exists where public access would compromise privacy, safety, or compliance with judicial confidentiality. The materials at issue contain previously sealed content and serve no adjudicative purpose in this post-judgment collection matter. The balance of interests which include protecting confidentiality, upholding another court's order, and preventing continued misuse of filings as a weapon strongly favors sealing or striking.

Federal courts consistently restrict such filings to preserve judicial integrity. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The same reasoning applies here: the Defendant's filings endanger the credibility of both proceedings and cause ongoing harm wholly disproportionate to any claimed benefit of public access.

## VI. RELIEF REQUESTED

For the foregoing reasons, and to preserve the integrity of both the Minnesota and Florida proceedings, Plaintiff respectfully requests that this Honorable Court enter an order as follows:

1. **Strike or, in the alternative, seal** Defendant's filings titled:

    a. *"Motion to Dismiss"* (filed September 27, 2025); and

    b. *"Response to Plaintiff's Motion"* (filed September 29, 2025),

    as each contains material that was previously sealed by order of the U.S. District Court for the District of Minnesota and violates the Settlement Agreement approved therein.

2. **Direct the Clerk of Court** to immediately restrict public access to these filings pending final disposition of this motion, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 1.11(b)(3).

3. **Acknowledge and give effect** to the Minnesota Court's prior sealing order entered September 12, 2025, and afford equivalent protection to prevent circumvention of that order through this post-judgment proceeding.

4. **Admonish Defendant** that further publication, reproduction, or dissemination through court filings or otherwise, of sealed or defamatory material constitutes a continuing violation of the Settlement Agreement and may warrant sanctions under the Court's inherent authority and Rule 37(b).

5. **Grant such other and further relief** as this Court deems just, equitable, and necessary to enforce confidentiality, protect Plaintiff from continued reputational injury, and maintain the orderly administration of justice.

DATED: October 6, 2025

Respectfully submitted,

*[signature]*

**Bishop Wayne R. Felton**
*Pro Se Judgment Creditor*
125 Stevens Street West
St. Paul, MN 55107
(651) 290-9673
bishop@thcci.org

# Exhibit A – DKT 126 Sealed Order
**(Felton v. Jives, No. 0:23-cv-00467-DTS, D. Minn.)**

Plaintiff respectfully notes that this order remains **under seal** by directive of the United States District Court for the District of Minnesota. Pursuant to *Fed. R. Civ. P.* 5.2(d) and *M.D. Fla.* Local Rule 1.11(c), Plaintiff does **not** attach the sealed document to this public filing in order to preserve its confidential status.

Plaintiff, however, **requests that this Court take judicial notice of the sealed order's existence and contents to the extent necessary for review or permit Plaintiff to submit it directly to the Judge's Chambers** (for the Court's eyes only) upon request.