UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BISHOP WAYNE R. FELTON and
THE HOLY CHRISTIAN CHURCH
INTERNATIONAL,

       Plaintiffs,

                                   Case No. 8:25-mc-00011-TPB-AEP

v.

DE'MARIO J. JIVES and
DEMAJIO MEDIA LLC,

       Defendants.

                                  /

## **ORDER**

This matter comes before the Court on Plaintiff Wayne R. Felton's motions for Writs of Garnishment (Docs. 53, 54, 55, 56). Two judgments totaling $77,845.00 were entered in Plaintiff's favor in the action between the parties on December 11, 2024, and January 23, 2025 (Doc. 1). The first judgment was for $50,000 following an order on a motion for sanctions (Doc. 1-1, at 1). The second order awarded Plaintiffs $27,845.00 in attorneys' fees (Doc. 1-2, at 5). These awards were entered by the United States District Court for the District of Minnesota and were subsequently registered in the District Court for the Middle District of Florida on March 13, 2025 (Doc. 1). *See* 28 U.S.C. § 1963. According to Plaintiff, the judgments remain unsatisfied. Plaintiff requests that the Court issue writs of garnishment directed to several garnishees to recover on the outstanding judgment against Defendants De'Mario Jives and DeMajio Media LLC.

Pursuant to Rule 69, Federal Rules of Civil Procedure, courts must follow state law regarding the execution of a judgment. Fed. R. Civ. P. 69(a)(1). In Florida, recovery of a money judgment via a writ of garnishment is permissible. *See* Fla. Stat. § 77.01 *et. seq.* Courts, therefore, may enforce the judgment through a writ of garnishment pursuant to Florida law. However, a writ of garnishment will only be enforceable within the bounds of the federal district in which it was issued. *See JPI Partners, LLC v. Dixon*, No. 6:07-MC-77-ORL-22DAB, 2008 WL 2185744, at *2 (M.D. Fla. May 23, 2008) (considering a writ of execution); *Lapinski v. St. Croix Condo. Ass'n., Inc.*, No. 6:16-cv-1418-Orl-40GJK, 2019 WL 1491568, at *1 (M.D. Fla. Jan. 24, 2019) (denying motion for writ of garnishment because the garnishee was located in the Southern District of Florida and thus, the court lacked jurisdiction to issue the writ). In issuing a writ of garnishment, the court must not only have personal jurisdiction over the garnishee, but it must also have jurisdiction over the property to be garnished. *Lapinski*, 2019 WL 1491568 at *1 (citing *Skulas v. Loiselle*, No. 09-60096-CIV, 2010 WL 1790439, at *2–3 (S.D. Fla. April 9, 2010)).

Here, Plaintiff moves this Court to issue writs of garnishment against several garnishees who appear to be outside the Court's jurisdiction. In Plaintiff's motions, Plaintiff lists the following garnishees:

- Block, Inc. – 1955 Broadway, Suite 600, Oakland, CA 94612

- PayPal, Inc. – 2211 North First Street, San Jose, CA 95131

- Meta Platforms, Inc. – 1 Meta Way, Menlo Park, CA 94025

- Google LLC – 1600 Ampitheatre Parkway, Mountain View, CA 94043

(Docs. 53, 54, 55, 56). Each garnishee's address is in another state. Plaintiffs have not demonstrated that this Court has jurisdiction to issue a writ of garnishment against garnishees located outside this Court's jurisdiction.

Accordingly, it is hereby

ORDERED:

1.　Plaintiff's Motions for Writs of Garnishment (Docs. 53, 54, 55, 56) are DENIED.

DONE AND ORDERED in Tampa, Florida, on this 20th day of May 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:　Plaintiff, *pro se*
　　Defendant, *pro se*

3