UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| BISHOP WAYNE R. FELTON and THE HOLY CHRISTIAN CHURCH INTERNATIONAL | ) ) ) ) | Civil No. 8:25-mc-00011-AEP |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| DE'MARIO Q. JIVES and DEMAJIO MEDIA LLC | ) ) ) | **PLAINTIFFS' SUPPLEMENTAL MOTION TO EXPAND PROCEEDINGS SUPPLEMENTARY PURSUANT TO** |
| Defendants. | ) | **FLORIDA STATUTE § 56.29** |

Plaintiffs move to expand proceedings supplementary pursuant to Fla. Stat. § 56.29 based upon newly identified Florida-connected entities, accounts, banking relationships, and financial activity revealed through post-judgment discovery and third-party records.

Plaintiffs respectfully submit that subsequent third-party discovery and produced financial records reveal operational business entities, banking activity, and Florida-connected financial relationships materially more extensive than reflected in Defendants' sworn disclosures, thereby warranting expanded proceedings supplementary directed toward identified entities, accounts, and potential transferees located within Florida.

I.    INTRODUCTION

On September 26, 2025, this Court granted proceedings supplementary pursuant to Rule 69 and Fla. Stat. § 56.29 and ordered Defendants to complete and serve Florida Rule of Civil Procedure Form 1.977 disclosures concerning assets, accounts, income, and property available to satisfy the registered judgments. (Dkt. 10.)

The Court expressly recognized that supplementary proceedings exist to permit a judgment creditor "to ferret out what assets the judgment debtor may have or what property others may be holding for him, or may have received from him to defeat the collection of the lien or claim." (Dkt. 10 at 2, quoting Longo v. Associated Limousine Servs., Inc., 236 So. 3d 1115, 1118 (Fla. 4th DCA 2018).)

The Court further explained that Plaintiffs could seek additional relief once property, entities, accounts, or financial relationships potentially subject to execution were identified. (Dkt. 10 at 5.)

Following entry of that Order, Plaintiffs obtained additional records through post-judgment discovery, subpoena responses, banking records, tax documentation, and public corporate filings. Those materials reveal:

1. Florida business entities connected to Defendant De'Mario Jives;

2. Florida business banking accounts associated with those entities;

3. Tax-return reporting identifying operational business activity through DeMajio Media LLC;

2

4. Transfers and operational financial activity not fully reflected in certain categorical sworn disclosures;

5. Continuing Florida-connected financial relationships relevant to execution; and

6. The administrative dissolution of multiple Florida entities on the same date this Court ordered Form 1.977 disclosures and supplementary proceedings.

Plaintiffs do not presently request adjudication of fraudulent transfer, veil piercing, or alter ego claims. Rather, Plaintiffs respectfully submit that the newly identified evidence justifies expanded proceedings supplementary and additional Rule 69 discovery directed toward identified Florida-connected entities, accounts, transferees, and financial relationships potentially holding assets, revenue streams, or property subject to execution.

## II.    PROCEDURAL HISTORY

1. On December 11, 2024, and January 23, 2025, judgments totaling approximately $77,845.00 were entered in Plaintiffs' favor in the United States District Court for the District of Minnesota. (Dkt. 10 at 1.)

2. Those judgments were registered in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1963 on March 13, 2025. (Id.)

3

3. On September 26, 2025, this Court granted proceedings supplementary pursuant to Fla. Stat. § 56.29 and directed Defendants to complete and serve Florida Rule of Civil Procedure Form 1.977 disclosures. (Dkt. 10 at 5–6.)

4. The Court explained that supplementary proceedings are equitable in nature, should be liberally construed, and exist to identify assets, property, or obligations potentially available to satisfy a judgment. (Dkt. 10 at 2–4.)

5. Defendant subsequently submitted sworn interrogatory responses and Rule 1.977 materials representing, among other things:

a. "I do not currently have an ownership interest in any business entities." (See Exs. H–I.)

b. "I do not own, rent, control, or hold any interest in real property of any kind." (Id., Interrogatory No. 4.)

c. "I have not transferred money, property, bank accounts, or assets to any person or entity during the relevant period." (Id., Interrogatory No. 12.)

d. "There is no business banking account." (Dkt. 32 at 2.)

e. "Defendant does not maintain a business checking account." (Id.)

f. "No business accounts exist." (Dkt. 32 at 4.)

Plaintiffs thereafter obtained additional third-party records materially relevant to supplementary proceedings and execution.

III.    GOVERNING LEGAL STANDARD

4

Federal Rule of Civil Procedure 69(a)(1) provides that proceedings supplementary in aid of execution "must accord with the procedure of the state where the court is located."

Rule 69(a)(2) further authorizes a judgment creditor to obtain discovery in aid of execution.

Florida Statute § 56.29 is equitable in nature and "should be liberally construed." *Mejia v. Ruiz*, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008).

The statute exists to permit a judgment creditor to identify assets, property, obligations, transfers, or entities potentially available to satisfy a judgment. *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1118 (Fla. 4th DCA 2018).

Once proceedings supplementary are initiated, the Court possesses broad equitable authority to permit additional inquiry concerning property, accounts, transferees, entities, or obligations potentially available for execution. See Fla. Stat. § 56.29.

Florida courts recognize that proceedings supplementary are intended to be flexible equitable mechanisms for identifying assets and financial relationships potentially available to satisfy outstanding judgments. See Regent Bank v. Woodcox, 636 So. 2d 885 (Fla. 4th DCA 1994).

Proceedings supplementary are specifically intended to allow a judgment creditor to investigate:

- property held by third parties,

- assets transferred from the judgment debtor,

- obligations due to the judgment debtor,

- and financial structures potentially affecting collection.

See *Young v. McKenzie*, 46 So. 2d 184, 185 (Fla. 1950).

The newly identified Florida-connected entities, banking relationships, and financial records constitute the type of property, obligations, accounts, and financial relationships contemplated by Fla. Stat. § 56.29(2) for further supplementary inquiry.

IV.    NEWLY IDENTIFIED FLORIDA-CONNECTED ENTITIES AND FINANCIAL RELATIONSHIPS

A. DeMajio Media LLC

Public corporate filings establish that DeMajio Media LLC was a Florida limited liability company with FEI/EIN No. 47-3338720. (See Ex. A.)

The records further establish:

- annual reports were filed in 2022, 2023, and 2024;

- Defendant De'Mario Jives was identified as manager;

- Florida addresses were maintained for the entity; and

- the entity remained administratively active until September 26, 2025.

  (Id.)

6

The 2023 federal tax return produced by Defendant identifies "DEMAJIO MEDIA LLC" as the business name on Schedule C and describes the business activity as "MEDIA PRODUCER."

The return further reports:

- gross receipts of approximately $261,571;

- business deductions;

- and operational business activity through the entity.

(See Ex. C, Defendant's 2023 Schedule C identifying 'DEMAJIO MEDIA LLC' as the business name and reporting approximately $261,571 in gross receipts.)

Bank of America business-account statements produced in discovery further reflect the existence of accounts held in the name of DEMAJIO MEDIA LLC. Those records include Florida business banking activity, deposits, transfers, and account activity. (See Exs. D-E.)

One such account reflected a beginning balance exceeding $40,000 in January 2023. (Account Ending 8225.)

B.  LIQUIFY MEDIA INC NFP

Public corporate records further establish that LIQUIFY MEDIA INC NFP was formed as a Florida not-for-profit corporation effective February 28, 2024, and filed March 4, 2024. (See Ex. B.)

The records identify:

- De'Mario Jives as incorporator;

7

- De'Mario Jives as registered agent;

- De'Mario Jives as President;

- and Florida operational addresses.

(Id.)

Bank of America business-account records produced in discovery further reflect active banking activity associated with LIQUIFY MEDIA INC NFP, including:

- deposits;

- Zelle transfers;

- online banking transfers;

- and inter-account movement.

(See Ex. F.)

C. Continuing Financial Activity

Additional records obtained through third-party discovery reveal:

- YouTube/Google deposits;

- Cash App activity associated with "king j";

- Zelle transfers involving DeMajio Media LLC;

- and inter-account transfers among identified Florida-connected accounts.

  (See Exs. D–G.)

8

These records demonstrate significantly more extensive Florida-connected financial activity than reflected in certain categorical sworn disclosures previously submitted to the Court.

## V.    TIMING OF ENTITY DISSOLUTIONS

The chronology of the identified Florida entities is particularly significant. On September 26, 2025, this Court entered its Order:

- granting proceedings supplementary;

- directing Form 1.977 disclosures;

- and authorizing supplementary inquiry into assets and financial relationships.

(Dkt. 10.)

That same date:

- DEMAJIO MEDIA LLC became administratively dissolved for annual-report purposes; and

- LIQUIFY MEDIA INC NFP likewise became administratively dissolved.

(See Exs. A–B.)

Plaintiffs do not presently ask the Court to infer fraudulent intent solely from the timing of those administrative dissolutions.

However, Plaintiffs respectfully submit that the synchronized timing is objectively relevant in light of:

9

- prior operational activity;

- prior annual maintenance filings;

- active banking relationships;

- business tax reporting;

- and subsequent sworn statements minimizing or denying business accounts and business interests.

That chronology justifies additional supplementary inquiry into:

- operational continuity;

- post-dissolution activity;

- account usage;

- transfers;

- revenue streams;

- and property potentially available for execution.

Administrative dissolution does not necessarily terminate ongoing operational activity, banking relationships, or obligations relevant to supplementary proceedings.

VI.  SWORN DISCLOSURES WARRANT FURTHER SUPPLEMENTARY INQUIRY

Defendant's sworn submissions repeatedly characterized his financial affairs in categorical terms.

For example:

- "I do not currently have an ownership interest in any business entities."

- "I have not transferred money, property, bank accounts, or assets to any person or entity during the relevant period."

- "There is no business banking account."

- "No business accounts exist."

    (See Exs. H–I.)

Plaintiffs respectfully submit that the subsequently obtained records materially complicate those representations.

The presently identified records demonstrate:

- Florida business entities;

- Florida business banking;

- operational business tax reporting;

- transfers among accounts;

- and continuing Florida-connected financial relationships.

At minimum, the newly identified records justify expanded supplementary proceedings and additional inquiry concerning:

- operational continuity;

- banking relationships;

- transfers;

11

- entity activity;

- account ownership and control;

- and potential assets available for execution.

VII.    REQUEST FOR EXPANDED PROCEEDINGS SUPPLEMENTARY.

In light of the newly identified evidence, Plaintiffs respectfully request that the Court expand proceedings supplementary pursuant to Fla. Stat. § 56.29 and permit additional supplementary discovery directed toward:

1. DEMAJIO MEDIA LLC;

2. LIQUIFY MEDIA INC NFP;

3. identified Florida banking accounts including accounts previously associated with identified Florida entities;

4. post-dissolution financial activity;

5. transfers involving identified accounts and entities;

6. revenue streams associated with online media operations;

7. and any Florida-connected property, accounts, obligations, or transferees potentially subject to execution.

The entities, accounts, and financial relationships identified herein are Florida-connected and tied to Florida entities, Florida banking activity, and Florida addresses.

Plaintiffs further respectfully request leave, if necessary following additional discovery, to seek impleader or Notice to Appear relief under Fla. Stat. § 56.29

concerning identified entities, transferees, or third parties potentially holding assets or obligations subject to execution.

The subsequently obtained third-party records materially expand the presently known scope of accounts, entities, and financial relationships potentially within Defendant's possession, custody, or control.

## VIII. CONCLUSION

This Motion does not seek premature adjudication of fraudulent transfer, veil piercing, or alter ego liability.

Rather, Plaintiffs respectfully submit that subsequent third-party discovery and produced records reveal Florida-connected entities, banking activity, operational business reporting, and financial relationships materially more extensive than reflected in prior sworn disclosures.

The newly identified evidence justifies expansion of proceedings supplementary and additional Rule 69 inquiry concerning Florida-connected accounts, entities, transfers, and financial relationships potentially available to satisfy the outstanding judgments.

Plaintiffs respectfully submit that the identified entities, accounts, and financial relationships provide a sufficient factual basis for expanded supplementary inquiry concerning property, obligations, transfers, and financial relationships potentially available to satisfy the outstanding judgments.

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Expand proceedings supplementary pursuant to Fla. Stat. § 56.29;

2. Permit additional Rule 69 and supplementary discovery directed toward the Florida-connected entities, accounts, transfers, and financial relationships identified herein;

3. Authorize further supplementary inquiry concerning post-dissolution operational activity and account usage;

4. Grant leave, if necessary following additional discovery, for Plaintiffs to seek impleader or Notice to Appear relief concerning identified entities, transferees, or third parties potentially holding assets subject to execution;

5. Award such further relief as the Court deems just and proper.

Plaintiffs seek only expanded supplementary inquiry and discovery at this stage, not adjudication of ultimate liability concerning any entity, transfer, or third-party relationship.

Respectfully submitted,

**Bishop Wayne R. Felton**
*Pro Se Judgment Creditor*
125 Stevens Street West | St. Paul, MN 55107
(651) 290-9673

14

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by EMAIL to Defendant De'Mario Q. Jives on this **22nd** day of **May 2026**.

Respectfully submitted,

**Bishop Wayne R. Felton,**
*Pro Se Judgment Creditor*

15

# EXHIBIT INDEX

| Exhibit | Description |
|---|---|
| Exhibit A | Sunbiz Detail by FEI/EIN Number for DeMajio Media LLC |
| Exhibit B | Sunbiz Detail by Entity Name for LIQUIFY MEDIA INC NFP |
| Exhibit C | 2023 Federal Schedule C Identifying DeMajio Media LLC |
| Exhibit D | Bank of America Business Account Statements – DEMAJIO MEDIA LLC – Account Ending 1150 |
| Exhibit E | Bank of America Business Account Statements – DEMAJIO MEDIA LLC – Account Ending 8225 |
| Exhibit F | Bank of America Business Account Statements – LIQUIFY MEDIA INC NFP – Account Ending 0239 |
| Exhibit G | Regions Bank Statements Reflecting Cash App / "King J" Activity |
| Exhibit H | Verified Interrogatory Responses of Defendant De'Mario Jives |
| Exhibit I | Defendant's Response in Opposition to Plaintiffs' Renewed Motion for Civil Contempt and Coercive Sanctions (Dkt. 32) |
| Exhibit J | September 26, 2025 Order Granting Proceedings Supplementary (Dkt. 10) |

16

# Exhibit A

5/22/26, 2:10 PM                                              Detail by FEI/EIN Number

DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search by FEI/EIN Number  /

## Detail by FEI/EIN Number

Florida Limited Liability Company
DEMAJIO MEDIA LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L21000070915 |
| **FEI/EIN Number** | 47-3338720 |
| **Date Filed** | 02/10/2021 |
| **Effective Date** | 02/10/2021 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| **Event Date Filed** | 09/26/2025 |
| **Event Effective Date** | NONE |

**Principal Address**

# Exhibit B

Detail by Entity Name

DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search by Entity Name  /

## Detail by Entity Name

Florida Not For Profit Corporation
LIQUIFY MEDIA INC NFP

### Filing Information

| | |
|---|---|
| **Document Number** | N24000002862 |
| **FEI/EIN Number** | 99-1616553 |
| **Date Filed** | 03/04/2024 |
| **Effective Date** | 02/28/2024 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | ADMIN DISSOLUTION FOR ANNUAL REPORT |
| **Event Date Filed** | 09/26/2025 |
| **Event Effective Date** | NONE |

### Principal Address

7402 N 56TH ST
STE 355 PMB 2030

Exhibit C

| SCHEDULE C (Form 1040) | **Profit or Loss From Business** (Sole Proprietorship) | OMB No. 1545-0074 **2023** |
|---|---|---|
| Department of the Treasury Internal Revenue Service | Attach to Form 1040, 1040-SR, 1040-SS, 1040-NR, or 1041; partnerships must generally file Form 1065. Go to www.irs.gov/ScheduleC for instructions and the latest information. | Attachment Sequence No. **09** |

| Name of proprietor | Social security number (SSN) |
|---|---|
| DEMARIO Q JIVES | ~~redacted~~ |

**A** Principal business or profession, including product or service (see instructions)
MEDIA PRODUCER

**B** Enter code from instructions ~~redacted~~

**C** Business name. If no separate business name, leave blank.
DEMAJIO MEDIA LLC

**D** Employer ID number (EIN) (see instr.)
47- ~~redacted~~

**E** Business address (including suite or room no.) ~~redacted~~
City, town or post office, state, and ZIP code ~~redacted~~

**F** Accounting method: (1) [X] Cash   (2) [ ] Accrual   (3) [ ] Other (specify) _____

**G** Did you "materially participate" in the operation of this business during 2023? If "No," see instructions for limit on losses   [X] Yes   [ ] No

**H** If you started or acquired this business during 2023, check here   [ ]

**I** Did you make any payments in 2023 that would require you to file Form(s) 1099? See instructions   [ ] Yes   [ ] No

**J** If "Yes," did you or will you file required Form(s) 1099?   [ ] Yes   [ ] No

## Part I    Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked   [ ] | 1 | 261,571 |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1. | 3 | 261,571 |
| 4 | Cost of goods sold (from line 42) | 4 | |
| 5 | **Gross profit.** Subtract line 4 from line 3 | 5 | 261,571 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | 6 | |
| 7 | Gross income. Add lines 5 and 6 | 7 | 261,571 |

## Part II    Expenses. Enter expenses for business use of your home **only** on line 30.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Advertising | 8 | 9,544 | 18 | Office expense (see instructions) | 18 | 28,075 |
| 9 | Car and truck expenses (see instructions) | 9 | | 19 | Pension and profit-sharing plans | 19 | |
| 10 | Commissions and fees | 10 | 28,911 | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion | 12 | | b | Other business property | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) | 13 | | 21 | Repairs and maintenance | 21 | 7,509 |
| | | | | 22 | Supplies (not included in Part III) | 22 | 4,275 |
| | | | | 23 | Taxes and licenses | 23 | 500 |
| 14 | Employee benefit programs (other than on line 19) | 14 | | 24 | Travel and meals: | | |
| | | | | a | Travel | 24a | 15,861 |
| 15 | Insurance (other than health) | 15 | | b | Deductible meals (see instructions) | 24b | |
| 16 | Interest (see instructions): | | | 25 | Utilities | 25 | 14,065 |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits) | 26 | 130,957 |
| b | Other | 16b | | 27a | Other expenses (from line 48) | 27a | 4,168 |
| 17 | Legal and professional services | 17 | 5,699 | b | Energy efficient commercial bldgs deduction (attach Form 7205) | 27b | |
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27b | | | | | 28 | 249,564 |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 | | | | | 29 | 12,007 |

| | | | |
|---|---|---|---|
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method. See instructions.<br>**Simplified method filers only:** Enter the total square footage of (a) your home: _____ and (b) the part of your home used for business: _____. Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30 | 30 | |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29.<br>• If a profit, enter on both **Schedule 1 (Form 1040), line 3,** and on **Schedule SE, line 2.** (If you checked the box on line 1, see instructions.) Estates and trusts, enter on **Form 1041, line 3.**<br>• If a loss, you **must** go to line 32. | 31 | 12,007 |
| 32 | If you have a loss, check the box that describes your investment in this activity. See instructions.<br>• If you checked 32a, enter the loss on both **Schedule 1 (Form 1040), line 3,** and on **Schedule SE, line 2.** (If you checked the box on line 1, see the line 31 instructions.) Estates and trusts, enter on **Form 1041, line 3.**<br>• If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited. | 32a [X] All investment is at risk.<br>32b [ ] Some investment is not at risk. | |

SPA  **For Paperwork Reduction Act Notice, see the separate instructions.**       1037  CPTS  3US091       Schedule C (Form 1040) 2023

Exhibit D

**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

**Business Advantage**

**Customer service information**

☐  1.888.BUSINESS (1.888.287.4637)

✉  bankofamerica.com

✉  Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

DEMAJIO MEDIA LLC

# Your Business Advantage Fundamentals™ Banking

for November 30, 2023 to November 30, 2023        Account number: ▮▮▮▮ 1150

**DEMAJIO MEDIA LLC**

## Account summary



| | | |
|---|---|---|
| | | # of deposits/credits: 1 |
| | | # of withdrawals/debits: 0 |
| | | # of items-previous cycle[1]: 0 |
| | | # of days in cycle: 1 |
| | | Average ledger balance: ▮▮▮ |
| | | [1]*Includes checks paid, deposited items and other debits* |



SMALL BUSINESS RESOURCES

Get help finding the right tools and information to run and grow your business

Learn about the latest industry trends, consumer behavior, taxes, retirement and much more.

Scan this code or visit **bankofamerica.com/SBR** today.



When you use the QRC feature certain information is collected from your mobile device for business purposes.    SSM-05-23-0939.B | 5681178

PULL: E  CYCLE: 63  SPEC: 0  DELIVERY: P  TYPE:  IMAGE: A  BC: FL

Exhibit E

**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

DEMAJIO MEDIA LLC

Business Advantage

**Customer service information**

📱 1.888.BUSINESS (1.888.287.4637)

✉ bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Business Advantage Fundamentals™ Banking

for January 1, 2023 to January 31, 2023                 Account number: ███████ 8225
**DEMAJIO MEDIA LLC**

## Account summary

| | | |
|---|---|---|
| Beginning balance on January 1, 2023 | ████ | # of deposits/credits: 1 |
| Deposits and other credits | ████ | # of withdrawals/debits: 2 |
| Withdrawals and other debits | ████ | # of items-previous cycle[1]: 0 |
| Checks | ███ | # of days in cycle: 31 |
| Service fees | ███ | Average ledger balance: $33,378.00 |
| **Ending balance on January 31, 2023** | ███ | [1]Includes checks paid, deposited items and other debits |

Exhibit F

**BANK OF AMERICA**

P.O. Box 15284
Wilmington, DE 19850

**LIQUIFY MEDIA INC NFP**

## Business Advantage

**Customer service information**

📞 1.888.BUSINESS (1.888.287.4637)

🖥 bankofamerica.com

✉ Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Business Advantage Fundamentals™ Banking

for December 5, 2024 to December 31, 2024                    Account number: ▮▮▮▮ 0239
**LIQUIFY MEDIA INC NFP**

## Account summary

| | | |
|---|---|---|
| Beginning balance on December 5, 2024 | ▮▮▮ | # of deposits/credits: 8 |
| Deposits and other credits | ▮▮▮ | # of withdrawals/debits: 23 |
| Withdrawals and other debits | ▮▮▮ | # of items-previous cycle[1]: 0 |
| Checks | ▮▮▮ | # of days in cycle: 27 |
| Service fees | ▮▮▮ | Average ledger balance: $158.12 |
| **Ending balance on December 31, 2024** | ▮▮▮ | [1]Includes checks paid, deposited items and other debits |

## Tips to help protect yourself from trending scams:

**Security tips**

• Hang up if you receive a suspicious call from someone saying they're from the bank. Instead, call the number on your statement or card.
• Neither Bank of America nor the U.S. government will request that you transfer money or share codes to resolve fraud.

**Learn more about trending scams.**
Scan the code or visit **bofa.com/HelpProtectYourself**.



When you use the QRC feature certain information is collected from your mobile device for business purposes.    SSM-01-24-2353.B2 | 6172088

Exhibit G

 **REGIONS**

**Regions Bank**
Temple Terrace
10904 North 56th ST.
Tampa, FL 33617

DEMARIO Q JIVES

| ACCOUNT # | 7068 |
|---|---|
| | 092 |
| Cycle | 07 |
| Enclosures | 0 |
| Page | 1 of 3 |

## LIFEGREEN EACCESS ACCOUNT
March 13, 2025 through March 14, 2025

### SUMMARY

| | | | | |
|---|---|---|---|---|
| Beginning Balance | ▮ | | Minimum Balance | ▮ |
| Deposits & Credits | ▮ | + | Average Balance | ▮ |
| Withdrawals | ▮ | − | | |
| Fees | ▮ | − | | |
| Automatic Transfers | ▮ | + | | |
| Checks | ▮ | − | | |
| Ending Balance | ▮ | | | |

### DEPOSITS & CREDITS

| | | | | | |
|---|---|---|---|---|---|
| 03/14 | Card Credit Cash App*king J  4829 Oakland | CA 94612 | 1375 | ▮ |
| 03/14 | Card Credit Cash App*king J  4829 Oakland | CA 94612 | 1375 | ▮ |
| | | | Total Deposits & Credits | ▮ |

### WITHDRAWALS

| | | | | |
|---|---|---|---|---|
| 03/14 | Card Purchase Lyft  *Ride TH  4121 Lyft.Com | CA 94104 | 1375 | 28.76 |

| | Total For This Statement Period | Total Calendar Year-to-Date |
|---|---|---|
| Total Overdraft Fees (may include waived fees) | ▮ | ▮ |
| Total Returned Item Fees (may include waived fees) | ▮ | ▮ |

### DAILY BALANCE SUMMARY

| Date | Balance |
|---|---|
| 03/14 | ▮ |

For all your banking needs, please call 1-800-REGIONS (734-4667)
or visit us on the Internet at www.regions.com. (TTY/TDD 1-800-374-5791)

 EQUAL HOUSING LENDER

**Thank You For Banking With Regions!**
2025 Regions Bank Member FDIC. All loans subject to credit approval.



**Regions Bank**
Temple Terrace
10904 North 56th ST.
Tampa, FL 33617

DEMARIO Q JIVES

| | |
|---|---|
| **ACCOUNT #** | 7068 |
| | 092 |
| Cycle | 07 |
| Enclosures | 0 |
| Page | 1 of 6 |

## LIFEGREEN EACCESS ACCOUNT
March 15, 2025 through April 15, 2025

### SUMMARY



| | | | |
|---|---|---|---|
| Beginning Balance | | Minimum Balance | |
| Deposits & Credits | + | Average Balance | |
| Withdrawals | – | | |
| Fees | – | | |
| Automatic Transfers | + | | |
| Checks | – | | |
| **Ending Balance** | | | |

### DEPOSITS & CREDITS



| Date | Description |
|---|---|
| 03/17 | Zelle Credit From Liquify Medi Ref# 507600d023xr |
| 03/17 | Zelle Credit From Liquify Medi Ref# 507600k0aiud |
| 03/18 | Zelle Credit From Liquify Medi Ref# 507700m07t6a |
| 03/18 | Google      Acctverify Official King |
| 03/21 | Google      Youtube_pa Official King |
| 04/01 | Zelle Credit From Kendric John Ref# 509100p01cnv |
| 04/01 | Zelle Credit From Nicol Young Ref# 509100a09w1k |
| 04/07 | Mobile Deposit-Avail Tonight |
| 04/14 | Zelle Credit From Dorothy Upsh Ref# 510100a0f1fg |
| 04/14 | Zelle Credit From Danisha Tayl Ref# 510100a0f1ml |
| 04/14 | Zelle Credit From Nicol Young Ref# 510300b0kvso |
| 04/15 | Card Credit Apple Cash Inst 4829 Cupertino   CA 95014   1375 |

Total Deposits & Credits

**For all your banking needs, please call 1-800-REGIONS (734-4667)**
**or visit us on the Internet at www.regions.com. (TTY/TDD 1-800-374-5791)**


EQUAL HOUSING
LENDER

**Thank You For Banking With Regions!**
2025 Regions Bank Member FDIC. All loans subject to credit approval.

# Exhibit H

If necessary, Defendant can provide a timestamped email record demonstrating transmission on February 20, 2026.

There was no refusal to comply.
There was no failure to respond.
There was no missed deadline.

## II. CIVIL CONTEMPT STANDARD IS NOT MET

Under Eleventh Circuit precedent, civil contempt requires clear and convincing evidence that:

1. A valid order existed
2. The defendant had the ability to comply
3. The defendant willfully failed to comply

See **Chairs v. Burgess**, 143 F.3d 1432, 1436 (11th Cir. 1998);
**Wyatt v. Rogers**, 92 F.3d 1074, 1078 (11th Cir. 1996).

There is no willful noncompliance here.

Defendant complied in good faith and provided all information available to him. A party cannot be held in contempt for failing to produce information that does not exist. See **United States v. Rylander**, 460 U.S. 752, 757 (1983) (impossibility is a defense to contempt).

## III. THERE IS NO BUSINESS BANK ACCOUNT TO DISCLOSE

Plaintiffs argue that Defendant failed to disclose business banking information.

There is no business banking account.

- Defendant does not maintain a business checking account.
- Defendant does not maintain a business savings account.
- The LLC (DeMajio Media LLC) is administratively dissolved, as reflected in Florida SunBiz records (see Exhibit A referenced in Plaintiffs' motion ).

Because no such accounts exist, there are no statements to produce.

The law does not require production of nonexistent documents.

## IV. DEFENDANT PROVIDED ALL AVAILABLE TAX INFORMATION

Exhibit I

- Expand requests beyond Form 1.977
- Re-litigate Minnesota matters
- Demand repeated production of the same information
- Characterize compliance as noncompliance

Rule 69 allows discovery in aid of execution, but it must remain proportional and tied to lawful enforcement — not harassment.

Repeated contempt motions despite compliance approach vexatious litigation.

The Court's authority is to compel compliance — not to satisfy a litigant's personal dissatisfaction.

## VII. DEFENDANT HAS PRODUCED EVERYTHING WITHIN HIS POSSESSION, CUSTODY, OR CONTROL

Defendant affirms:

- All income sources disclosed
- All existing accounts disclosed
- All tax documents available disclosed
- No business accounts exist
- No undisclosed financial institutions exist within his control

There is nothing further to produce.

If Plaintiffs believe third-party institutions hold records, Rule 69 permits them to pursue lawful third-party discovery directly.

Defendant cannot produce documents he does not possess.

## VIII. COERCIVE SANCTIONS ARE NOT WARRANTED

Coercive sanctions require ongoing noncompliance.

There is no ongoing noncompliance.

Sanctions are inappropriate where a party has:

- Timely responded
- Provided sworn disclosures
- Produced available documentation

Exhibit J

toward satisfaction of the judgment, such that the Court can issue a Notice to Appear. Rather, it appears from Felton's motion that he is still in the process of identifying the judgment debtors' assets available to satisfy the judgment. To that end, the Court will require the judgment debtors to complete the Fact Information Sheet (Form 1.977), and Felton may, if necessary, file a supplemental motion for further relief under section 56.29 once he has identified property that may be used to satisfy the judgment.

Accordingly, it is hereby

ORDERED:

1.     Felton's Motion for Proceedings Supplementary and Order to Appear for Creditor's Examination (Doc. 7) is GRANTED IN PART and DENIED IN PART.

2.     Felton's request for proceedings supplementary pursuant to Federal Rule of Civil Procedure 69(a) and Section 56.29, Florida Statutes, is GRANTED.

3.     Felton's requests for the judgment debtors to appear for an examination and produce documents are DENIED.

4.     Felton's request for the judgment debtors to complete the Fact Information Sheet (Form 1.977) is GRANTED. Within forty-five (45) days of the date of this Order, judgment debtors De'Mario Jives and DeMajio Media LLC must complete and serve upon Felton a copy of Florida Rules of Civil Procedure Form 1.977.